UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 11, 2013

LETTER TO COUNSEL:

      RE: *Edward Lakitsky v. Commissioner, Social Security Administration*;
            Civil No. SAG-12-2483

Dear Counsel:

On August 20, 2012, the Plaintiff, Edward Lakitsky, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Lakitsky filed his claim for benefits on January 26, 2009, alleging disability beginning on April 29, 2007. (Tr. 147-50). His claim was denied initially on March 19, 2009, and on reconsideration on October 8, 2009. (Tr. 115-18, 124-25). A hearing was held on September 15, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 70-108). Following the hearing, on December 16, 2010, the ALJ determined that Mr. Lakitsky was not disabled during the relevant time frame. (Tr. 11-25). The Appeals Council denied Mr. Lakitsky's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Lakitsky suffered from the severe impairment of bipolar disorder. (Tr. 16). Despite this impairment, the ALJ determined that Mr. Lakitsky retained the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to routine, repetitive, unskilled tasks within a basic routine.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Lakitsky could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 20).

Mr. Lakitsky presents two arguments on appeal: (1) that the ALJ erroneously analyzed the opinion of consultative examiner Dr. Brooks; and (2) that the ALJ erroneously assessed the opinion of his treating psychiatrist, Dr. Rosinsky. Both arguments lack merit.

Mr. Lakitsky contends that the ALJ failed to evaluate appropriately the report of Dr. Brooks. Pl. Mot. 6-9. In particular, Mr. Lakitsky cites the portion of the report where Dr. Brooks opined that Mr. Lakitsky "has chronic pain from his right knee and foot that would limit him, physically, but can probably be treated with surgery or more vigorous medical regimen. He is, fortunately, able to . . . carry, lift, and manipulate light objects." (Tr. 319). Mr. Lakitsky argues that this portion of Dr. Brooks's report undermines the ALJ's conclusion that he is capable of medium (or even heavy) work. I disagree. It is clear from the ALJ's decision that he evaluated that portion of Dr. Brooks's report, because he paraphrased it in determining that Mr. Lakitsky's knee and foot pain did not constitute severe impairments. (Tr. 16). In fact, the ALJ concluded that the impairments "cause no limitation in the claimant's functioning." *Id.* In support of that conclusion, the ALJ cited the fact that the "records show no consistent treatment for any physical condition that would prevent the claimant from working." *Id.* Later in the analysis, the ALJ also cites the fact that Mr. Lakitsky is capable of building a deck, renovating a home, and engaging in other home improvement jobs, including installing windows. (Tr. 19). Dr. Brooks's opinion is not properly read to suggest that Mr. Lakitsky would only be capable of sedentary or light work. Moreover, even if Dr. Brooks had rendered that opinion, the ALJ cited to substantial evidence to support his RFC conclusion that Mr. Lakitsky is physically capable of greater levels of exertion.

With respect to Dr. Rosinsky, Mr. Lakitsky argues that the ALJ did not address the GAF scores Dr. Rosinsky assigned, which ranged from 50 to 60 over the period of treatment. Pl. Mot. 9-11. However, GAF scores do not govern an ALJ's analysis. "[A] GAF score is not determinative of whether a person is disabled. Rather, the Social Security Administration does not endorse the use of the GAF in Social Security and SSI disability programs, and it does not directly correlate to the severity requirements in the mental disorders listings." *Melgarejo v. Astrue*, No. JKS 08–3140, 2009 WL 5030706, at *2 (D. Md. Dec. 15, 2009) (citing Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764–65 (Aug. 21, 2000)). The ALJ's failure to evaluate Dr. Rosinsky's assigned GAF scores therefore does not warrant remand. The ALJ in fact assigned great weight to Dr. Rosinsky's treatment records, which "indicate the claimant has no cognitive deficits, has stable mood and has been able to work and attend college." (Tr. 19). A review of the treatment records reveals no error.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                            Sincerely yours,

                                               /s/
                                       Stephanie A. Gallagher
                                       United States Magistrate Judge